IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURIE PIECHUR, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>        Defendant. | Case No.  09-cv-984-JPG |

**MEMORANDUM AND ORDER**

THIS MATTER comes before the Court on plaintiff Laurie Piechur's Motion to Remand (Doc. 13).  Defendant Redbox Automated Retail, LLC ("Redbox") has responded to the motion (Doc. 22), and Piechur has replied to that response (Doc. 24).  Redbox has also filed a notice of supplemental authority (Doc. 28), and Piechur has responded to that notice (Doc. 29).  The Court does not consider the supplemental briefing materials as they constitute sur-replies, which are not permitted by Local Rule 7.1(c).  To the extent the supplemental authority cited is relevant to this case, the Court is well able to consider it without further comment from the parties.

**I.      Background**

Piechur filed this lawsuit in October 2009 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.  On behalf of herself and others similarly situated, she alleges various state law causes of action arising out of fees charged by Redbox, a purveyor of rental DVDs from kiosks located throughout the United States.  Piechur alleges Redbox improperly charges customers a fee of $1 if the customer returns a rental DVD even one minute late.  She also complains that Redbox improperly charges a fee of $25 if the customer never returns the

DVD regardless of the actual value of the DVD. She claims Redbox has collected more than $100 million in such improper fees.

Relying on federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), Redbox filed a timely notice of removal to this Court. In the notice, Redbox references an Exhibit C as containing copies of all process, pleadings and orders served on it in this action, but it failed to attach Exhibit C to the notice. However, within 30 days of being served with the complaint, Redbox filed the omitted Exhibit C, which contained the summons and the complaint with which it was served.

Piechur asks the Court to remand this case on three grounds: (1) Redbox waived federal jurisdiction by agreeing with its customers to submit to the "exclusive jurisdiction" of Illinois state courts; (2) Redbox failed to present evidence of the amount in controversy to support CAFA jurisdiction; and (3) Redbox's notice of removal was procedurally deficient in that it did not attach the summons served with the complaint.

In response, Redbox argues Piechur has waived her right to remand by filing a motion before this Court for appointment of interim lead class counsel. It also argues that the allegations in Piechur's complaint are sufficient to establish the jurisdictional minimum amount in controversy required for CAFA jurisdiction and that it remedied any defect in the notice of removal by filing the summons within 30 days of service of the complaint.

**II.     Analysis**

The Court need only address one dispute between the parties, for that issue is dispositive of the pending motion to remand. That issue is the significance of the contract provision between Piechur and Redbox in which Redbox agreed to submit to the "exclusive jurisdiction of

the courts of the state of Illinois." This agreement, contained in the Terms of Use to which Piechur agreed when renting DVDs from a Redbox kiosk, states in pertinent part:

> These Terms of Use, your [the customer's] access and use of the Kiosks, and the relationship between you and us are governed by the laws of the state of Illinois, without giving effect to its conflict of law provisions. You and Redbox both agree to submit to the personal and exclusive jurisdiction of the courts of the state of Illinois.

Compl. Ex. 1, Doc. 2 at 33.

    A.    <u>Applicability of Forum Selection Clause to Right of Removal</u>

A defendant may remove to federal court a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Here, Redbox asserts this Court has subject matter jurisdiction under CAFA, and the Court assumes it does. However, regardless of whether a federal court would have subject matter jurisdiction, a defendant may waive its right to remove by contracting to bring a lawsuit only in a state court. *See, e.g., Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir. 1996). Redbox has provided no authority suggesting this general rule does not apply where federal subject matter jurisdiction is based on CAFA.

Forum selection clauses are *prima facie* valid and enforceable unless the party seeking to avoid enforcement establishes that enforcing the clause would be unjust or unreasonable or that the clause is invalid for reasons such as fraud, undue influence or overweening bargaining power. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-17 (1972). This is true even if the contract is a form contract that the parties did not truly "negotiate" and that one party dictated as a take-it-or-leave-it proposition to the other party. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991).

In the case at bar, Redbox has not suggested that enforcement of the forum selection clause contained in the Terms of Use agreement is unreasonable or that the clause is invalid. It drafted the provision in its own contract of adhesion, so it cannot complain that it did not have sufficient bargaining power or was the victim of undue influence. Furthermore, the selection of "the courts of the state of Illinois" as the exclusive forum is reasonable in light of the fact that Redbox's principal place of business is in Illinois. Redbox has not argued it would be difficult or inconvenient to litigate in "the courts of the state of Illinois." There is simply nothing in the record to suggest enforcement of the Terms of Use forum selection clause is unreasonable or that the clause is invalid.

Redbox's argument that its standard Terms of Use clause has changed over the years for which Piechur seeks to certify a plaintiff class is unavailing. Prior to class certification, the Court focuses solely on the named plaintiff's action. "[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) (standing in a proposed class action depends solely on the standing of the named plaintiff, not the putative class); *see also Pruitt v. City of Chi..*, 472 F.3d 925, 926 (7th Cir. 2006) (merits of the named plaintiff's claims are properly decided before class certification because named plaintiffs who lack viable claims will "take all other [class members] down in flames with them"). Thus, until class certification, the Court looks only to the Terms of Use applicable to Piechur's claim. Whether different Terms of Use apply to different putative class members is a factor to be considered in deciding whether to grant class certification. It is not, however, relevant to deciding the proper forum for Piechur's individual claim.

B.     Meaning of Forum Selection Clause

Redbox's second line of defense is that it did not waive its right to removal because the Terms of Use do not clearly so indicate. Generally a waiver of the right to removal must be clear and unequivocal and must contain obligatory language mandating a particular forum as the exclusive forum. *See, e.g., Newman/Haas Racing v. Unelko Corp.*, 813 F. Supp. 1345 (N.D. Ill. 1993); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396 (5th Cir. 2003). In *Newman/Haas Racing*, the court interpreted a forum selection clause stating, "The parties hereto consent to venue and jurisdiction of the Federal and State courts located in Lake and/or Cook County, Illinois." *Newman/Haas Racing.* 813 F. Supp. at 1347. The court held the clause did not waive the right of removal because it allowed the suit to proceed in state or federal court and did not mandate a state court forum. *Id.* at 1348.

On the other hand, in *Dixon*, the Fifth Circuit Court of Appeals examined the following language: "The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise." *Dixon*, 330 F.3d at 397. The court found that the clause waived the defendant's right to removal because it mandated venue in the courts *of* Texas, that is, Texas state courts, which did not include federal courts sitting *in* Texas. *Id.*

Redbox's forum selection clause mandates that this lawsuit be pursued only in an Illinois state court. Where a forum selection clause specifies jurisdiction in a way that indicates the parties' intent to make the specified venue exclusive, the Court will generally enforce the clause. *See Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) ("[W]here only jurisdiction is specified, the clause will generally not be enforced unless there is

5

some further language indicating the parties' intent to make venue exclusive."); *accord Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006). By agreeing to submit to the "exclusive jurisdiction" in a particular forum, the parties in this case have manifested their intent to make that venue exclusive and to exclude venue in all other jurisdictions. Indeed, the words "shall" or "exclusive" have been hallmarks of mandatory forum selection clauses, and their absence indicative of a permissive clause. *See Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (remand required where agreement provided Illinois courts "shall have exclusive jurisdiction" to resolve disputes); *Paper Express*, 972 F.2d at 756-57 (collecting cases).

Had the Terms of Use omitted the word "exclusive" and simply provided that the parties would submit to jurisdiction in a particular forum, the clause would have simply been permissive, not mandatory. This is because a party's agreeing to submit to the jurisdiction of a forum generally means it will not object to jurisdiction there. However, a party's submitting to the "exclusive" jurisdiction of a forum means it agrees that the specified jurisdiction is the *only* proper venue for a dispute.

Furthermore, the exclusive jurisdiction specified in Redbox's forum selection clause is the Illinois state court system, which does not include the United States District Court for the Southern District of Illinois. The Terms of Use provide for the exclusive jurisdiction of "the courts of the state of Illinois." This Court, while it may sit *in* the state of Illinois, is not a court *of* the state of Illinois, as explained in *Dixon*. Compare *Manufacturing & Mktg. Concepts, Inc. v. Southern Cal. Carbide*, 920 F. Supp. 116, 119 (N.D. Ill. 1996) (holding the United States District Court for the Northern District of Illinois was not "an Illinois court"). Therefore, the forum selection clause excludes this Court as a proper forum.

C. <u>Waiver of Right to Invoke Forum Selection Clause</u>

Redbox argues that the Court should not enforce the Terms of Use forum selection clause because Piechur has waived her right to enforce it by filing a motion for appointment of interim lead class counsel in this forum. Indeed, immediately after filing her motion to remand, Piechur filed a motion seeking to have her attorneys appointed as co-lead class counsel at least until the class certification decision is made. In the motion, she acknowledges the pending motion to remand and states that she seeks appointment of interim lead class counsel because there may be issues for which lead counsel is required before the Court rules on the motion to remand, which she believes will be granted.

It is true that it is possible to waive a non-jurisdictional arguments in support of remand. *In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994) (citing *Ayers v. Watson*, 113 U.S. 594 (1885)). For example, participation in litigation after removal but before filing a motion to remand can waive a right to remand. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (right to remand waived by filing motion to supplement complaint prior to motion to remand). However, generally a party does not waive the right to assert objections to removal if she promptly moves to remand the case and simply continues litigating until the remand decision is made. *See, e.g., Kitson v. Bank of Edwardsville*, No. 06-cv-528-GPM, 2006 WL 3392752, *4-5 (S.D. Ill. Nov. 11, 2006).

Nothing in this case indicates Piechur intended to waive her right to invoke the forum selection clause in the Terms of Use. She filed her motion to remand within thirty days of the notice of removal, and continued to assert her objection to removal even in her subsequent motion for appointment of interim lead class counsel. Furthermore, moving for appointment of interim class counsel is not the type of active engagement in litigation that could reasonably be

construed as relinquishing a right to a state court forum.  For these reasons, the Court will not find that Piechur's litigation activities in this Court waived her right to seek enforcement of the forum selection clause.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** Piechur's motion to remand (Doc. 13) and **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

**SO ORDERED.**
**DATED: February 24, 2010**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**